McKinney, J.,
delivered the opinion of the Court.
This bill was filed to enjoin the prosecution of an action of ejectment, and to divest the title out of Chil-coat, to the land sued for. It appears that the tract of land in controversy, (being claimed as the property of the complainant, Wood,) was levied on and sold, to satisfy a Justices’ execution for the sum of $156.69, together with costs, in favor of McPhail, against D. S. Hobbs, as principal, L. D. Akins, as surety, and the defendant, Chilcoat, as stayor, upon the assumption that the land was, in law, liable for the debt of Hobbs.
The sale took place on the 29th of September, 1855, and Akins, one of the defendants in the judgment, became the purchaser. The proof clearly establishes, that, in truth, the land was struck off by the Sheriff to Akins, who was the highest and last bidder, at the price of $50; but after the sale, (whether on the same day of the sale, or a subsequent day, is left in doubt, from the proof,) Akins advanced his bid to the full amount of the judgment and costs for which the land was sold. For this, however, no authority is shown in the record ; and the Sheriff, in his return of sale, states that Akins “bid the sum of $181.05, and that being the highest and best bid, the land was struck off to him.”
The Sheriff’s receipt, accompanying his return, also states, that said sum of $181.05 was paid by Akins and Chilcoat, defendant. This return of the Sheriff, however, is dated the 5th of October, six days after the day of sale.
The proof clearly establishes that the return of the *425 Sheriff is incorrect, and that the land was really struck off to Akins, at fifty dollars, as before stated.
More than two years after the sale, namely, on the 15th of October, 1857, a Sheriff’s deed was executed for said land, to Akins and defendant, Chilcoat, jointly, by the direction of AkiDS, by the successor of the Sheriff who made the sale. The action of ejectment, sought to be enjoined, was then brought against complainant, for the recovery of possession of the land, on a joint demise in the names of Akins and defendant, Chilcoat.
Shortly afterwards, to wit: on the 2nd of June, 1858, a compromise was made between the complainants and Akins. Akins, by deed, re-conveyed all his right, title, claim and interest in the land acquired by his purchase at the Sheriff’s sale, back to the complainant, for the consideration of seventy-five dollars. In said deed it is recited, that Akins purchased the land at the execution sale, for the sum of fifty dollars: “and afterwards the bid on the same was raised” by him and Chilcoat. On the day of the execution of said deed, an instrument, under the hands and seals of complainant and Akins, was also executed, by the terms of which, the pending action of ejectment was to be dismissed, each one of said parties agreeing to pay one-half of the costs of suit. In pursuance of this agreement, a motion was made in the Circuit Court to dismiss the action; but the defendant, Chilcoat, who was^. not a party to the adjustment, interposed, and upon his objection, the Court refused to dismiss the suit, and thereupon the present bill was filed.
In addition to the foregoing facts, it is alleged, that the land was not subject to seizure and sale as the *426 property of Hobbs. This assumption is based upon the following state of faets: On the 29th of November, 1862, the complainant purchased the land from said Hobbs, and took a conveyance from him for the same. But this deed of conveyance was not registered until the 6th of April, 1855, the day on which the land was levied on as aforesaid. It seems that complainant's deed was handed to the Register, and noted for registration on his book, at ten minutes past 7 o’clock, P. M., on the 6th April, 1855, and the officer’s return of the levy, upon the execution, shows that it was made at 5 o’clock, P. M., on the same day.
It was attempted, by parol evidence, to disprove the truth of the officer’s return, as to the time of the levy, and to establish, that, in fact, the levy was not complete until after the notation of complainant’s deed in the Register’s office.
We need not enter into any discussion of this point of the case, inasmuch, as if it were admissible to contradict the officer’s return, in a case like the present, the proof does not sustain the assumption of the bill; and furthermore, this matter, if available at all, would be so at law, and is, therefore, put aside by the demurrer to the bill.
The question to be considered, is, whether Ohilcoat can be regarded, in equity, as having acquired any interest in the land, as against the complainant, by the mere force of the Sheriff's deed, conveying it to him and Akins, jointly.
We have seen that the sale was made to Akins alone. Ohilcoat was not possessed; indeed, the proof *427 shows, that he was beyond the limits of this State at the time of the sale.
We have also seen, that, in fact, fifty dollars was the true consideration of the sale. Now, the first question is, was the advance made by Akins, from $50, to $181.05 authorised by law, so as to be binding on the complainant? We think not. By the Act of 1842, cli. 6, sec. 6, it is provided, that “where a bona fide creditor,” of the judgment debtor, “shall become the purchaser of any real estate at execution, or other sale, he may, at any time, within twenty days after such sale, make an advance on his bid,” &c.
But this right is given only to a bona fide creditor of the person whose land is sold: For, by the last clause of the 9th section, it is expressly declared, that “in no case shall the holder or claimant (of the land sold) increase the bid against the debtor, or any bona fide creditor offering to redeem the real estate, except as provided in this Act: Code, secs. 2127, 2182.
It is clear, therefore, that the advance upon his bid, subsequently made by Akins, (who was not a creditor, either of Hobbs, or of the complainant,) was in violation of law, and a fraud on the right of redemption; and consequently, no legal right can grow out of it. The- objection, that the Sheriff’s notice of the fact, that Akins “ bid the sum of $181.05,” and that the land was struck off to him at that price, cannot be collaterally impeached or contradicted, is not tenable. This principle can have no application, especially in equity, where the acts of the officer, constituting the returns, were male fide, or in violation of law, or beyond the scope of his official duty, in this particular case.
*428 There can be no doubt, that, upon a bill to redeem, the complainant might have impeached the truth of the return of sale, and have shown by parol evidence, that the fact was otherwise. And it is clear, that upon an application to redeem, by the complainant, Akins could have demanded nothing more than the fifty dollars, and interest thereon; the advance being, under the circumstances, a fraud upon the rights of complainant. This being the legal result, as to Akins, what right did the defendant, Chilcoat, acquire by the Sheriff's conveyance, subsequently made to him and Akins, jointly?
It may be conceded, that, in so far as Akins acquired a legal right to the land, by his purchase at the execution sale, .he might transfer that right to another, in whole, or in part; and empower the Sheriff to convey the title accordingly. And it might further be conceded, that, as between themselves, the Sheriff’s deed was operative, to make Chilcoat, (who paid an equal part of the $181.05,) owner of a moiety of the land.
But, it is obvious, that, as against the complainant, Akins could confer upon another, no greater right than he had himself acquired by his purchase: so that Chilcoat must be regarded as standing precisely in the shoes of Akins, under whom alone, he derives whatever right he may be held to possess. Upon a bill to redeem, the question would have been exactly the same, as against both, as against Akins alone.
But, it is said, that the complainant, having perfected all right of redemption, by failing to redeem within the two years given by law, cannot be now heard, to make any objection to ' the validity of defendant’s title to a moiety of the land. This is' certainly a *429 plausible difficulty, but not an insuperable one. It is true, the complainant did not offer to redeem the land within two years, so far as the record shows, and in the absence of fraud in the transaction, and the subsequent voluntary re-conveyance by Akins, the argument for the defendant, would be unanswerable.
But, the advance by Akins, to more than thrice the amount actually bid by him for the land, was a gross fraud, .both in law, and in fact, upon the complainant’s right of redemption; and with the intent, as must be implied, -of defeating that right; and, in this fraud, the defendant, Chilcoat, became an accomplice, by his subsequent acts.
Now, whether or not, all other considerations aside, the complainant could have availed himself of this fraud, after the expiration of the time for redemption, is a question we need not now determine. Be this as it may, it is enough for the purpose of the present decision, that Akins, (who was the actual purchaser of the land at the execution sale,) saw proper, after the lapse of two years, voluntarily to allow the complainant to redeem, for such is the effect of the transaction. That he might do so, so far as his own interest in the land was concerned, is admitted; but, it is said, he had no power to effect the interest of Chilcoat, who was an equal owner with him in the land, and that his attempt to do so, was a fraud upon the defendant.
This complaint of fraud, does not come with much force from the defendant, who was himself, an active participant, with Akins, in the original fraud upon the complainant.
As respects the question of power, we are not pre *430 pared to say, that, as between the complainant on the pne hand, and Akins and Chilcoat on the other, Akins, (in whose shoes Chilcoat stood, having derived all his supposed right from him alone, and having participated with him in the fraud,) might not, by suffering a redemption, after the lapse of two years, entitle the complainant to be restored to the title, as regards both himself and the defendant, Chilcoat.
At all events, we think the obvious equity of the case, in view of all the facts, is, to divest the defendant of whatever color of title ho may have acquired to the land, upon being refunded the amount contributed by him. And this measure of relief to the defendant, we grant alone upon the principle, that, inasmuch as the excess over fifty dollars advanced for the land inured to the complainant's benefit, by extinguishing the balance of the judgment against him. The complainant, who is seeking equity, must do equity.
The decree will be 'reversed.